# UNITED STATES DISTRICT COURT
### District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                    **CASE NO.  22-cr-10053-01-10-EFM**

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**DALECIA ANTHONY,**
**RICKY ARMOUR,**
a/k/a "Tic",
**DONTE HOPKINS,**
**TESHYRA HURD,**
**VICTOR NUNEZ, SR.,**
**LUTOYIA RICKS,**
**BILLY TAYLOR,**
a/k/a "Doola",
**LEIGH TAYLOR, and**
**TEVIN TAYLOR,**

**Defendants.**

# SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

1

# COUNT 1

**CONTINUING CRIMINAL ENTERPRISE**
**[21 U.S.C. § 848]**

From at least sometime in June of 2019, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including June 29, 2022, within the District of Kansas, and elsewhere, the defendant,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that he unlawfully, knowingly and intentionally violated Title 21, United States Code, Sections 841, 843(b), and 856 which violations include, but are not limited to, the substantive violations alleged in Counts 3, 4, 5, 6, 7, 8, 11, 12 (Possession of Controlled Substances with Intention to Distribute; Attempted Distribution of Controlled Substances, Use of a Communication Facility to Facilitate a Drug Trafficking Crime; and Maintaining Drug Involved Premises) and which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq*., undertaken by the defendant, **DANNY MARTEL GRIFFIN**, in concert with at least five other persons with respect to whom **DANNY MARTEL GRIFFIN** occupied a position of supervisor, organizer and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

All in violation of Title 21, United States Code, Section 848.

## COUNT 2

**DRUG CONSPIRACY**
**[21 U.S.C. § 846]**

From at least sometime in June of 2019, the exact date being unknown to the Grand Jury, through and including June 29, 2022, within the District of Kansas, and elsewhere, the defendants,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**DALECIA ANTHONY,**
**RICKY ARMOUR,**
a/k/a "Tic",
**DONTE HOPKINS,**
**VICTOR NUNEZ, SR.,**
**LEIGH TAYLOR,**
**TEVIN TAYLOR,** and
**BILLY TAYLOR,**
a/k/a "Doola",

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and distribute fentanyl; (b) to possess with the intent to distribute, and distribute heroin; (c) to possess with the intent to distribute, and distribute cocaine; and (d) to possess with the intent to distribute, and distribute marijuana, all controlled substances in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 841(b)(1)(D).

## **Quantity of Fentanyl Involved in the Conspiracy**

With respect to defendants **DANNY MARTEL GRIFFIN**, **RICKY ARMOUR**, **BILLY TAYLOR**, **DONTE HOPKINS**, **VICTOR NUNEZ, SR., LEIGH TAYLOR** and **TEVIN TAYLOR**, each defendant's conduct as a member of the conspiracy charged in Count 2, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved four hundred (400) grams or more of a mixture and substances containing a detectable amount of fentanyl, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

## **Quantity of Heroin Involved in the Conspiracy**

With respect to the defendant, **DANNY MARTEL GRIFFIN**, the defendant's conduct as a member of the conspiracy charged in Count 2, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

## <u>Quantity of Cocaine Involved in the Conspiracy</u>

With respect to defendants **DANNY MARTEL GRIFFIN**, and **DONTE HOPKINS**, each defendant's conduct as a member of the conspiracy charged in Count 2, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved five hundred (500) grams or more but less than five kilograms of a mixture and substances containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846.

## **COUNT 3**

### **MAINTAINING A DRUG INVOLVED PREMISE**
**[21 U.S.C. § 856]**

Between June of 2019 and June 29, 2022, both dates being approximate and inclusive, in the District of Kansas, the defendants,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
and **DONTE HOPKINS,**

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 2501 E. Douglas #10, Wichita, Kansas did knowingly and intentionally make available for use,

with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing fentanyl and cocaine, controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 4

### MAINTAINING A DRUG INVOLVED PREMISE
### [21 U.S.C. § 856]

Between June of 2019 and June 29, 2022, both dates being approximate and inclusive in the District of Kansas, the defendants,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**LEIGH TAYLOR,**
and **TEVIN TAYLOR**,

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 11307 W. Cindy, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing fentanyl and cocaine, controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 5

### ATTEMPTED DISTRIBUTION OF HEROIN
**[21 U.S.C. §§ 846, 841(a)]**

From at least as early as March 22, 2021, through and including June 29, 2022, in the District of Kansas, and elsewhere, the defendant,

### DANNY MARTEL GRIFFIN,
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

did unlawfully, knowingly and intentionally attempt to distribute one kilogram or more of heroin, a controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(i) and Title 18 United States Code, Section 2.

## COUNT 6

### ATTEMPTED DISTRIBUTION OF FENTANYL
**[21 U.S.C. §§ 846, 841(a)]**

From at least as early as March 22, 2021, through and including June 29, 2022, within the District of Kansas, and elsewhere, the defendant,

### DANNY MARTEL GRIFFIN,
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

did unlawfully, knowingly and intentionally attempt to distribute four (400) hundred grams or more of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(vi) and Title 18 United States Code, Section 2.

7

## COUNT 7

**POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1) and (b)(1)(A)]**

On or about June 29, 2022, in the District of Kansas, the defendants,

**LEIGH TAYLOR,**
and **TEVIN TAYLOR**,

did unlawfully, knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture and substances containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(vi) and Title 18, United States Code, Section 2.

## COUNT 8

**POSSESSION WITH INTENT TO DISTRIBUTE COCAINE**
**[21 U.S.C. § 841(a)(1) and (b)(1)(C)]**

On or about June 29, 2022, in the District of Kansas, the defendants,

**LEIGH TAYLOR,**
and **TEVIN TAYLOR**,

did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substances containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 9

**POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1)]**

On or about March 28, 2022, in the District of Kansas, the defendant,

**VICTOR NUNEZ SR.,**

did knowingly and intentionally possess, with the intent to distribute, four hundred (400) grams or more of a mixture and substances containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 10

**INTERSTATE TRAVEL IN AID OF RACKETEERING**
**[18 U.S.C. § 1952(a)(3)]**

From on or about and between March 1, 2021 and March 22, 2021, in the District of Kansas, and elsewhere, the defendant,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

did travel in interstate commerce, and did aid and abet another who had traveled in interstate commerce, with the intent to promote and carry on and facilitate the promotion and carrying on of an unlawful activity, that is the possession of fentanyl and heroin with the intent to distribute.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT 11

**USE OF COMMUNICATION FACILITY TO FACILITATE
DRUG TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about June 28, 2022, at approximately 2:13:59 PM (UTC-4), in the District

of Kansas, the defendant,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

did knowingly and intentionally use any communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, the offenses set forth in Counts 2 and

8 of this Superseding Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

## COUNT 12

**USE OF COMMUNICATION FACILITY TO FACILITATE
DRUG TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about June 29, 2022, at approximately 3:28AM, in the District of Kansas, the

defendant,

**TEVIN TAYLOR,**

did knowingly and intentionally use any communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, the offenses set forth in Counts 2 and 8 of this Superseding Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 13

**USE OF COMMUNICATION FACILITY TO FACILITATE
DRUG TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about March 4, 2022, at approximately 12:10:10PM (UTC+0), in the District of Kansas, the defendant,

**BILLY TAYLOR,**
a/k/a "Doola",

did knowingly and intentionally use any communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, the offense set forth in Count 2 of this Superseding Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 14

**USE OF COMMUNICATION FACILITY TO FACILITATE
DRUG TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about March 28, 2022, at approximately 2:42:44 PM (UTC+0), in the District of Kansas or elsewhere, the defendant,

**VICTOR NUNEZ, SR.,**

11

did knowingly and intentionally use any communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, the offenses set forth in Counts 2 and 9 of this Superseding Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 15

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)]**

On or about June 29, 2022, in the District of Kansas, the defendant,

**TEVIN TAYLOR**,

did knowingly possess firearms, that is a black Mossberg Shockwave 12 gauge shot gun, a silver Ruger P89, 9mm pistol, and a silver Smith and Wesson 39-9, 9mm pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine and fentanyl, a controlled substance, as set forth in Count 2 of this Indictment and possession with the intent to distribute cocaine and fentanyl, a controlled substance, as set forth in Counts 7 and 8 of this Indictment and incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 2.

## COUNT 16

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)]**

On or about November 7, 2021, in the District of Kansas, the defendant,

**TEVIN TAYLOR**,

did knowingly possess a firearm, that is a black Smith and Wesson, SW40VE, .40 caliber

handgun, in furtherance of a drug trafficking crime for which the defendant may be

prosecuted in a court of the United States, that is, conspiracy to possess with intent to

distribute marijuana, a controlled substance, as set forth in Count 2 of this Indictment and

incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United

States Code, Section 2.

## COUNT 17

**CONSPIRACY TO COMMIT MAIL, AND WIRE FRAUD**
**[18 U.S.C. § 1349]**

The allegations in Counts 1 through 16 are realleged and incorporated as if fully

set forth in this paragraph.

Between June 22, 2019 and June 29, 2022, both dates being approximate and

inclusive in the District of Kansas, the defendants**,**

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**DALECIA ANTHONY,**
**DONTE HOPKINS,**

**TESHYRA HURD, and**
**LUTOYIA RICKS**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit:

(a)  The defendants devised and intended to devise a scheme and artifice to defraud another and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme or artifice and attempting so to do, knowingly and willfully caused a thing and matter to be sent and delivered by the United States Postal Service,  according to the directions thereon, that is, the defendants mailed and caused another to mail several documents to agencies of the State of Kansas, in violation of Title 18, United States Code, Section 1341; and

(b)  The defendants devised and intended to devise a scheme and artifice to defraud another and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice,  transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343; and

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

(a) It was part of the conspiracy that the defendants concealed or disguised the ownership of the "Strip 54" business in Liberal, Kansas, for the purpose of obtaining a liquor license in the name of LUTOYIA RICKS while falsely claiming LUTOYIA RICKS was the 100% owner of "Strip 54", when in fact DANNY MARTEL GRIFFIN was the true owner.  The application for a liquor license from the State of Kansas was transmitted by the United States mail on or about June, 13, 2019.

(b) It was further part of the conspiracy that the DANNY MARTEL GRIFFIN AND LUTOYIA RICKS registered to sell alcohol with the United States Department of the Treasury representing LUTOYIA RICKS as the owner of "Strip 54." This document was transmitted by interstate wire transmission on or about June 13, 2019.

(c) It was further part of the conspiracy that DALECIA ANTHONY was represented herself as the owner of the same business renamed as "Cabaret 54" and she transmitted the application for the liquor license from the State of Kansas by the United States mail on or about April 15, 2022. Supporting documents included a registration with the United States Department of the Treasury representing DALECIA ANTHONY as the owner and a lease agreement between DANNY MARTEL GRIFFIN (the disguised owner of the property) and DALECIA ANTHONY (lessee) for the property used for the business "Cabaret 54."  This form was transmitted by an interstate wire transmission.

15

(d) It was further part of the conspiracy that the defendants titled vehicles purchased by DANNY MARTEL GRIFFIN in the names of other co-conspirators, specifically DALECIA ANTHONY, DONTE HOPKINS and unnamed co-conspirators, and that wire communications were transmitted in interstate commerce to license the vehicles and to obtain automobile insurance in the names of the co-conspirators for the benefit of DANNY MARTEL GRIFFIN. These vehicle purchases occurred in or between 2019 and 2022.

In violation of Title 18, United States Code, Sections 1349.

## **COUNTS 18-26**

**MONEY LAUNDERING**
**[18 U.S.C. § 1957]**

The allegations in Counts 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

On or about the dates alleged below in the District of Kansas and elsewhere, the defendant,

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

knowingly engaged and attempted to engage in monetary transactions by, through and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is deposits, withdrawals, transfers and exchanges described below of United States currency, funds and monetary instruments in the amounts specified below, such property having been derived from a specified unlawful activity, that

16

is, Mail, Wire and Bank Fraud in violation of Title 18 United States Code, Sections 1341,

1343, and 1349, and Distribution and Possession with the Intent to Distribute Controlled

Substances, and Conspiracies thereto, in violation of Title 21 United States Code, Sections

841, and 846:

| Count | Approx. Date | Monetary Transaction | Amount |
|---|---|---|---|
| 18 | 05/20/20 | Purchase of bejeweled mouthpiece. | $13,000.00 |
| 19 | 09/24/20 | Cash payment on 141 Pancake, Liberal, KS. | At least $12,000.00 |
| 20 | 09/25/20 | Cash payment on 320 Sunflower, Liberal, KS. | $30,000.00 |
| 21 | 11/25/20 | Cash payment on 320 Sunflower, Liberal, KS. | $18,000.00 |
| 22 | 08/10/21 | Payment on 2020 Dodge Charger. | $30,000.00 |
| 23 | 10/13/21 | Payment on 2019 Dodge Challenger. | $13,000.00 |
| 24 | 10/22/21 | Payment on Dodge Charger. | $15,000.00 |
| 25 | 12/03/21 | Payment on Dodge Durango. | $11,000.00 |
| 26 | 05/13/22 | Money order for 25 S Sherman, Liberal, KS final payment. | $15,000.00 |

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS 27 – 28

### MONEY LAUNDERING
### [18 U.S.C. § 1957]

The allegations in Counts 1 through 26 are realleged and incorporated as if fully

set forth in this paragraph.

On or about the dates alleged below in the District of Kansas and elsewhere, the

defendants,

**DANNY M. GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",

**DALECIA ANTHONY,**
**DONTE HOPKINS,** and
**TESHYRA HURD**

knowingly engaged and attempted to engage in monetary transactions by, through and to

financial institutions, affecting interstate commerce, in criminally derived property of a

value greater than $10,000.00, that is deposits, withdrawals, transfers and exchanges

described below of United States currency, funds and monetary instruments in the amounts

specified below, such property having been derived from a specified unlawful activity, that

is, Mail, Wire and Bank Fraud in violation of Title 18 United States Code, Sections 1341,

1343, and 1349, and Distribution and Possession with the Intent to Distribute Controlled

Substances, and Conspiracies thereto, in violation of Title 21 United States Code, Sections

841, and 846:

| Count | Approx. Date | Monetary Transaction | Amount |
|---|---|---|---|
| 27 | 02/25/22 | DONTE HOPKINS and TESHYRA HURD make a cash payment to bond payment on behalf of DANNY MARTEL GRIFFIN. | $15,000.00 |
| 28 | 03/03/22 | DALECIA ANTHONY and DONTE HOPKINS make a cash payment to bond payment on behalf of DANNY MARTEL GRIFFIN. | $34,500.00 |

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS 29-36

**MONEY LAUNDERING**
**[18 U.S.C. § 1956]**

The allegations in Counts 1 through 28 are realleged and incorporated as if fully set forth in this paragraph.

On or about the dates alleged herein in the District of Kansas and elsewhere, the defendants,

**DANNY M. GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**DALECIA ANTHONY,** and
**TESHYRA HURD**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: casino cash deposits and withdrawals, which involved the proceeds of a specified unlawful activity, that is mail fraud bank fraud, wire fraud, distribution and possession with the intent to distribute controlled substances, and conspiracies thereto, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in the manner described below,

| Count | Approx. Date | Monetary Transaction | Amount |
|---|---|---|---|
| 29 | 09/18/20 | DANNY MARTEL GRIFFIN and TESHYRA HURD make a cash down payment for the purchase of 25 S Sherman, Liberal, KS. | $10,000.00 |
| 30 | 09/20/20 | DANNY MARTEL GRIFFIN withdrew cash at Kansas Star Casino. | $3,200.00 |
| 31 | 09/20/20 | DANNY MARTEL GRIFFIN withdrew cash from Kansas Star Casino. | $3,600.00 |
| 32 | 04/29/21 | DANNY MARTEL GRIFFIN withdrew cash from Kansas Star Casino. | $4,325.00 |
| 33 | 04/29/21 | DANNY MARTEL GRIFFIN withdrew cash from Kansas Star Casino. | $4,000.00 |
| 34 | 12/16/21 | DALECIA ANTHONY withdrew cash from Kansas Star Casino. | $4,325.00 |
| 35 | 12/28/21 | DALECIA ANTHONY withdrew cash from Kansas Star Casino. | $5,900.00 |
| 36 | 12/28/21 | DALECIA ANTHONY withdrew cash from Kansas Star Casino. | $7,750.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **COUNT 37**

**MONEY LAUNDERING CONSPIRACY**
**[18 U.S.C. § 1956]**

Counts 1 through 36 are herein incorporated by reference.

Beginning in or about 2019 and through no later than November 1, 2022 in the District of Kansas and elsewhere, the defendants,

**DANNY M. GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**DALECIA ANTHONY,**
**DONTE HOPKINS,** and
**TESHYRA HURD**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957:

(a)   to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Mail Fraud, Wire Fraud, and Conspiracies thereto, in violation of Title 18 United States Code, Sections 1341, 1343, and 1349, and Distribution and Possession with the Intent to Distribute Controlled Substances, and Conspiracies thereto, in violation of Title 21 United States Code, Sections 841, and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b)  to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud, Wire Fraud and Conspiracies thereto, in violation of Title 18 United States Code, Sections 1341, 1343, and 1349, and Distribution and Possession with the Intent to Distribute Controlled Substances, and Conspiracies thereto, in violation of Title 21 United

21

States Code, Sections 841, and 846, in violation of Title 18, United States Code, Section 1957.

**MANNER AND MEANS**

(a) It was part of the conspiracy that the defendants conducted financial transactions at Equity Bank to make payments for the lease and purchase of 141 W. Pancake, Liberal, Kansas on behalf of DANNY MARTEL GRIFFIN, while the ownership of the businesses of "Strip 54" and "Cabaret 54" were misrepresented.

(b) It was further part of the conspiracy that the defendants conducted financial transactions for the purchase of 320 Sunflower, Liberal, Kansas.

(c) It was further part of the conspiracy that the defendants conducted financial transactions for the purchase of 25 Sherman, Liberal, Kansas.

(d) It was further part of the conspiracy the defendants conducted financial transactions for the purchase of multiple motor vehicles.

(e) It was further part of the conspiracy the defendants conducted financial transactions for the purchase of valuable personal property such as jewelry, etc.

In violation of Title 18, United States Code, Sections 1956(h).

**<u>FORFEITURE NOTICE</u>**

1.      The allegations contained in Counts 1-37 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 924 (d), 981 (a)(1)(C) and 982(a)(1),

Title 21, United States Code, Section 853, and Title 28, United States Code, Section

2461.

2.     Upon conviction of the offenses identified in Counts 2 and 3 of this

Superseding Indictment, the defendants,

**DANNY MARTEL GRIFFIN and
DONTE HOPKINS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)

and Title 28, United States Code, Section 2461(c), any firearms and ammunition used in

or involved in the commission of the offenses, including, but not limited to the following:

> A.  Approximately sixty rounds of FN ammunition seized from 2501 E.
> Douglas #10, Wichita, KS; and

> B.  Approximately 132 rounds of assorted ammunition seized from 2501 E.
> Douglas #10, Wichita, KS.

3.     Upon conviction of one or more of the offenses set forth in Counts 1

through 9, and 11-14, defendants,

**DANNY MARTEL GRIFFIN** (Counts 1-6 and 11,
**DALECIA ANTHONY** (Count 2)**,**
**RICKY ARMOUR** (Count 2)**,**
**DONTE HOPKINS** (Count 2),
**VICTOR NUNEZ, SR.** (Counts 2, 9, and 14),
**LEIGH TAYLOR** (Counts 2, 4, 7, 8, and 12),
**TEVIN TAYLOR** (Counts 2, 4, 7, and 8) and
**BILLY TAYLOR** (Counts 2 and 13),

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853,

any property constituting or derived from any proceeds obtained, directly or indirectly, as

the result of such offenses and any property used or intended to be used, in any manner or

part, to commit or to facilitate the commission of the offenses, including but not limited

to:

    A.  The real property located at 25 South Sherman Avenue, Liberal, Kansas, more particularly described as:  SURFACE AND SURACE RIGHTS ONLY, in and to: Lot Twenty (20) – Twenty-One (21), Block Thirty-Nine (39), ORIGINAL TOWN OF LIBERAL, to the City of Liberal, Seward County, Kansas;

    B.  2016 Chevrolet Malibu, VIN: 1G1ZH5SX1GF335632;

    C.  2020 Green Dodge Charger, VIN: 2C3CDXCT4LH199767;

    D.  2016 Mercedes-Benz, VIN: WDDHF5KB8GB189918;

    E.  2020 Blue Dodge Charger, VIN: 2C3CDXCT6CH198135;

    F.  2019 Dodge Challenger, VIN: 2C3CDZBT0KH739840;

    G.  2016 Ford F150, VIN: 1FTEW1EP1GKD38991;

    H.  2015 Jeep Grand Cherokee SRT, VIN: 1C4RJFDJ7FC844795;

    I.  2018 Dodge Durango, VIN: 1C4SDJCT9JC362322;

    J.  Assorted jewelry seized from 11307 W. Cindy, Wichita, KS;

    K.  White gold diamond stud earrings seized from 25 S. Sherman Ave., Liberal, KS;

    L.  Yellow gold men's ring with "BRM" on top;

    M.  Gold braided chain with diamond clasp;

    N.  Approximately $5,250.22 seized from Community Bank Account No. xx3493, styled as Dalecia Anthony, Cabaret 54, located at 2320 N. Kansas, Liberal, KS;

    O.  Approximately $3,502.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

P.  Approximately $2,520.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

Q.  Approximately $1,000.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

R.  Approximately $10,481.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

S.  Approximately $14,403 in U.S. currency seized from 25 S. Sherman Ave., Liberal, KS;

T.  Approximately $13,502.00 in U.S. currency seized from 141 W. Pancake, Liberal, KS;

U.  Approximately $44,479 in U.S. currency seized from 2501 E. Douglas #10, Wichita, KS;

V.  Approximately sixty rounds of FN ammunition;

W.  Approximately 132 rounds of assorted ammunition; and

X.  A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant from the commission of the Counts listed next to each defendant's name.

4.     Upon conviction of the offenses set forth in Counts 15 and 16, the defendant,

**TEVIN TAYLOR**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses.  The property to be forfeited includes, but is not limited to, the following firearms and any ammunition:

A.  A black Mossberg Shockwave 12 gauge shot gun, s/n V0605254;

B.  A silver Ruger P89, 9mm pistol, s/n 304-23766;

C.  A silver Smith and Wesson 39-9, 9mm pistol, s/n A421496;

D.  Approximately nine (9) rounds of 9mm ammunition and magazine seized from 11307 W. Cindy, Wichita, KS;

E.  Approximately twelve (12) rounds of 9mm ammunition and magazine seized from 11307 W. Cindy, Wichita, KS;

F.  Box of assorted ammunition seized from 11307 W. Cindy, Wichita, KS;

G. Two pistol magazines seized from 11307 W. Cindy, Wichita, KS;

H.  A black Smith and Wesson, SW40VE, .40 caliber handgun s/n RAZ3764;

I.  Approximately fourteen (14) rounds located in the Smith and Wesson, SW40VE, .40 caliber handgun.

5.      Upon conviction of the offenses set forth in Counts 18 through 37, the defendants,

**DANNY M. GRIFFIN**  (Counts 18-26, 29-33, and 37);
**DALECIA ANTHONY** (Counts 28, 34-36, and 37);
**DONTE HOPKINS** (Counts 27, 28, and 37) and
**TESHYRA HURD** (Counts 27, 29 and 37),

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to, the following:

A.  The real property located at 25 South Sherman Avenue, Liberal, Kansas, more particularly described as:  SURFACE AND SURACE RIGHTS ONLY, in and to: Lot Twenty (20) – Twenty-One (21), Block Thirty-Nine (39), ORIGINAL TOWN OF LIBERAL, to the City of Liberal, Seward County, Kansas;

B.  2020 Green Dodge Charger, VIN: 2C3CDXCT4LH199767;

C.  2020 Blue Dodge Charger, VIN: 2C3CDXCT6CH198135;

D.  2019 Dodge Challenger, VIN: 2C3CDZBT0KH739840;

E.  2018 Dodge Durango, VIN: 1C4SDJCT9JC362322; and

F.  Bejeweled mouthpiece.

G.  a forfeiture judgment in an amount representing any property, real and personal, involved in the offenses.

6.      Upon conviction of one or more of the offenses set forth in Counts 10 and 17, the defendants,

**DANNY M. GRIFFIN**  (Counts 10 and 17); and
**DALECIA ANTHONY** (Count 17),

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

A.  A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant;

7.      If any of the property described above, as a result of any act or omission of the defendants:

A.      cannot be located upon the exercise of due diligence;

B.      has been transferred or sold to, or deposited with, a third party;

C.      has been placed beyond the jurisdiction of the court;

D.      has been substantially diminished in value; or

      E.     has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).

A TRUE BILL.


<u>November 1, 2022</u>             <u>s/Foreperson</u>
DATE                      FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: <u>/s/ Aaron L. Smith</u>
AARON L. SMITH
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: aaron.smith3@usdoj.gov
Ks. S. Ct. No. 20447

| |
|---|
| IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS |

## **PENALTIES**

## **Count 1 [21 U.S.C. § 848]**

- Punishable by a term of imprisonment of not less than twenty (20) years and no more than life imprisonment.  21 U.S.C. § 848.

- A term of supervised release of up to five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $2 million.  21 U.S.C. § 848.

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## **Counts 2, 5, 6, 7, 9 [21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life imprisonment.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 2 [21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B)]

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 2 and 8 [21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C)]

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 2 [21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(D)]

- Punishable by a term of imprisonment of not more than five (5) years.  21 U.S.C. § 841(b)(1)(D).

- A term of supervised release of at least two (2) years.  21 U.S.C. § 841(b)(1)(D).

- A fine not to exceed $250,000.  21 U.S.C. § 841(b)(1)(D).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- Punishable by a term of imprisonment of not more than ten (10) years.  21 U.S.C. § 841(b)(1)(D).

- A term of supervised release of at least two (4) years.  21 U.S.C. § 841(b)(1)(D).

- A fine not to exceed $500,000.  21 U.S.C. § 841(b)(1)(D).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 3 and 4 [21 U.S.C. § 856(a)(1)]

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).

- A term of supervised release of at least three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $500,000.  21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 10 [18 U.S.C. § 1952(a)(3)]

- Punishable by a term of imprisonment of not more than 5 years. 18 U.S.C. § 1952(a)(3)(A).

- A term of supervised release of not more than 3 years. 18 U.S.C. § 3583(b)(2)..

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

## Counts 11-14 [21 U.S.C. § 843(b)]

- Punishable by a term of imprisonment of not more than four (4) years.  21 U.S.C. § 843(d).

- A term of supervised release of up to one (1) year.  18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000.  21 U.S.C. § 843(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for the same offense, the penalties are:

- A term of imprisonment of not more than eight (8) years.  21 U.S.C. § 843(d).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  21 U.S.C. § 843(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 15-16 [ 18 U.S.C. § 924(c)]

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 17 [18 U.S.C. § 1349]

- Punishable by a term of imprisonment of not more than twenty (20) years.  18 U.S.C. § 1341.

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).  In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 18-28 [18 U.S.C. § 1957]

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 1957(b)(1).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).  In the alternative, the defendant may be fined not more than the greater of twice the amount of the criminally derived property involved in the transaction.  18 U.S.C. § 1957(b)(2).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 29-37 [18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h)]

- Punishable by a term of imprisonment of not more than twenty (20) years.  18 U.S.C. § 1956(a)(1).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $500,000.  18 U.S.C. §1956(a)(1).  In the alternative, the defendant may be fined not more than the greater of twice the value of the property involved in the transaction, whichever is greater.  18 U.S.C. § 1956(a)(1).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.