# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

    v.                                        **CASE NO.  22-cr-10053-01-10-EFM**

**DANNY MARTEL GRIFFIN,**
a/k/a "Martel",
a/k/a "Tel",
a/k/a "Whale",
**DALECIA ANTHONY,**
**RICKY ARMOUR,**
a/k/a "Tic",
**DONTE HOPKINS,**
**TESHYRA HURD,**
**VICTOR NUNEZ, SR.,**
**LUTOYIA RICKS,**
**BILLY TAYLOR,**
a/k/a "Doola",
**LEIGH TAYLOR, and**
**TEVIN TAYLOR,**

## UNITED STATES' ANTICIPATED EXPERT WITNESS DISCLOSURE

The United States, by and through undersigned counsel, provides the following notice of expert testimony, pursuant to Federal Rules of Criminal Procedure 16(a)(1)(E) and (G) and Fed. R. Evid. 702, 703, and 705, which the government intends to present in its case-in-chief at trial. The United States respectfully reserves the right to offer additional

testimony by these experts, or other expert witness(es), and for the experts to amend or adjust their opinion and bases for those opinions due to information made known to the experts before or during trial.

Notwithstanding the foregoing, the United States respectfully reserves its right to supplement this Notice with any additional expert witnesses that, although unknown and hence unidentified at this time, may later become essential to its case in chief if and when additional facts not presently known come to light.

The United States requests full disclosure of all information required pursuant to Federal Rules of Criminal Procedure 16(b) no later than ten days from the filing of this notice.

## Expert Witnesses

**1.      Christina "Tina" Nazarewicz-Latent Print Forensic Scientist**

The United States intends to call Christina Nazarewicz, Latent Print Forensic Scientist with the Mesa Police Department Forensic Services, as an expert witness at trial regarding the latent print comparison done on the items located at the Mesa, Arizona airport. Ms. Nazarewicz will testify to her findings based on the latent print photographs submitted in this case and her comparison of those prints to the known prints of Danny Griffin. A total of nine (9) latent prints were identified and searched through various databases. Six of those prints belonged the charged defendants in this matter. Ms. Nazarewicz will testify to the processes she went through to examine the latent prints, what she looks for in those latent prints and how she makes identifications between latent prints and known prints. Ms. Nazarewicz will testify regarding how prints are left on surfaces,

what can be considered a good receiving surface and how the contents of those surfaces could affect its ability to receive prints.

      a.    **Opinion:** Latent Print 1(A) located on an exterior baggie was the right index finger of Danny Griffin. Latent Print 6(A) located on the exterior of a white trash bag was the right thumb of Danny Griffin. Latent Print 8(A) located on the exterior of a white trash bag was the right middle finger of Danny Griffin.

      b.    **Basis and Reasons for the Opinion:** Ms. Nazarewicz' opinions have been formulated from a combination of her professional experience and training. Ms. Nazarewicz examined the latent prints and made comparisons in accordance with Mesa Police Department protocols and procedures which utilize a variety of tests. The bases and reasons for her opinion are contained within the body of her reports which are attached to this notice and incorporated herein. In the reports, Ms. Nazarewicz sets forth a description of the evidence that was examined, the method used for identifying the items, which items that were examined, test methods, and the results. Each report is signed by Ms. Nazarewicz and contains "all the opinions and the bases and reasons for them required by [Fed.R.Crim.P. 16(a)(1)(G)] (iii)." As such, the government asserts that Ms. Nazarewicz is not required to sign this notice pursuant to Fed.R.Crim.P. 16(a)(1)(G)(v).

      c.    **Qualifications/ Previous Publications:** The curriculum vitae of Ms. Nazarewicz has been produced and is also attached to this disclosure and incorporated herein. Ms. Nazarewicz has not published in the last ten (10) years.

      d.    **Prior Expert Testimony**: Ms. Nazarewicz' prior court testimony for the last four (4) years is listed below:

| Date | Case Number | Court |
|---|---|---|
| 10-19-18 | CR2018-104567 | Maricopa County Superior Court |
| 07-08-19 | CR2012-147343 | Maricopa County Superior Court |
| 01-14-20 | CR2017-116326 | Maricopa County Superior Court |
| 02-24-21 | CR2019-157124 | Maricopa County Superior Court |

**2.** **Ashleigh Kriesel-Controlled Substances Forensic Scientist**

The United States intends to call Ashleigh Kriesel, Forensic Scientist with the Mesa Police Department Forensic Services, (formerly Ashleigh Vincent) as an expert witness at trial regarding the testing of controlled substances. Ms. Kriesel will testify regarding the substances at issues in this this case, and opine, that through testing including weight determination; color testing; gas chromatography-mass spectrometry examination; and Froehde's reaction test, the substances at issue contained fentanyl and cocaine.

a.  **Opinion:** Ms. Kriesel will testify to receiving and testing items ME60688-1 and ME60688-3 as laid out in her lab report, Case # 202152907, which was previously provided previously to the parties through discovery and are attached to this disclosure and incorporated herein. This report contains Ms. Kriesel's opinions as to the identification of the substances in both items listed above. Specifically, Ms. Kriesel will testify that fentanyl was detected in item ME60688-1, and cocaine was detected in item ME60688-3. Ms. Kriesel will testify that the net weight as to item ME60688-1 is 2.53 kilograms and the gross weight of item ME60688-3 was 13.89 grams.

b.  **Basis and Reasons for the Opinion:** Ms. Kriesel's expert report, previously provided to the parties through discovery and attached to this disclosure and incorporated

4

herein contain the basis for her opinions. In the reports, Ms. Kriesel sets forth a description of the evidence that was examined, the method used for identifying the items, which items that were examined, test methods, and the results. Each report is signed by Ms. Kriesel and contains "all the opinions and the bases and reasons for them required by [Fed.R.Crim.P. 16(a)(1)(G)] (iii)." As such, the government asserts that Ms. Kriesel is not required to sign this notice pursuant to Fed.R.Crim.P. 16(a)(1)(G)(v).

c.  **Qualifications/ Previous Publications:** Ms. Kriesel's qualifications are listed out in her curriculum vitae which was previous provided to the parties in discovery and attached to this disclosure and incorporated herein. She has no publications in the last ten (10) years to disclose.

d.  **Prior Expert Testimony**:

| **Date** | **Case Number** | **Court** |
| --- | --- | --- |
| 7-10-18 | CR2017-109766 | Maricopa County Superior Court |
| 8-22-18 | 2018013344 | Mesa Municipal Court |
| 9-18-18 | CR2018-104567 | Maricopa County Superior Court |
| 11-6-18 | CR2018-103323 | Maricopa County Superior Court |
| 1-30-19 | CR2018-108393 | Maricopa County Superior Court |
| 6-5-19 | CR2018-111194 | Maricopa County Superior Court |
| 3-1-22 | CR2020-142476 | Maricopa County Superior Court |

3.  **Lana Goodson-Forensic Scientist**

The United States intends to call Lana Goodson, Forensic Scientist with the Sedgwick County Regional Forensic Science Center as an expert witness at trial regarding the testing of controlled substances. Ms. Goodson will testify regarding the substances at issues in this this case, and opine, that through testing including weight determination;

pharmaceutical identification; and gas chromatography-mass spectrometry examination, the substances at issue contained fentanyl.

    a. **Opinion:** Ms. Goodson will testify to receiving and testing items 1-8 as laid out in her lab reports, Case # 22-00684, which was previously provided previously to the parties through discovery and are attached to this disclosure and incorporated herein. Each item contained multiple pills with the same coloring, shape, and markings. The first report contains the results of testing one pill from each item. The second report contains the testing of the square root of the total number of pills plus an additional ten pills from each item. These reports contain Ms. Goodson's opinions as to the identification of the substances in the various grouping of pills. Specifically, Ms. Goodson will testify that fentanyl was detected in all of the pills tested by Ms. Goodson. Lab Report 22-00684-#1 indicates the total net weight of each grouping of pills for a total net weight of 519.66 grams containing a detectable amount of fentanyl with the total number of pills submitted being 4,368.

    b. **Basis and Reasons for the Opinion:** Ms. Goodson's opinions have been formulated from a combination of her professional experience and training. Ms. Goodson examined the substances provided and tested those substances in accordance with Sedgwick County Regional Forensic Science Center and industry and protocols and procedures which utilize a variety of tests, such as weight determination; pharmaceutical identification; and gas chromatography-mass spectrometry examination. Ms. Goodson's expert report, previously provided to the parties through discovery and attached to this disclosure and incorporated herein also contains the basis for her opinions. Each report is signed by Ms. Goodson and contains "all the opinions and the bases and reasons for them

6

required by [Fed.R.Crim.P. 16(a)(1)(G)] (iii)." As such, the government asserts that Ms. Goodson is not required to sign this notice pursuant to Fed.R.Crim.P. 16(a)(1)(G)(v).

    c.    **Qualifications/ Previous Publications:** Ms. Goodson's qualifications are listed out in her curriculum vitae which was previous provided to the parties in discovery and attached to this disclosure and incorporated herein. Publications are listed on Ms. Goodson's curriculum vitae.

    d.    **Prior Expert Testimony**:

| Date | Case Number | Court | Prosecutor |
|---|---|---|---|
| 03-06-19 | 16-02774 | District | Matt Dwyer |
| 04-23-19 | 18-00771 | District | Matt Erb |
| 11-06-20 | 19-02143 | District | Aaron Breitenbach |
| 05-20-21 | 19-02224 | District | Kelsey Floyd |
| 12-15-21 | 20-00203 | Federal | Deb Barnett |
| 01-21-22 | 21-01660 | District | Shauna Leslie |
| 02-22/02-23-22 | 21-00481 | District | Sharon Barnett |
| 03-02-22 | 19-00829 | Federal | Katie Andrusak |
| 03-22-22 | 20-02066 | District | Josh Wright |
| 07-25-22 | 21-00888 | District | Moriah Plowden |
| 09-09-22 | 22-01763 | District | Jason Roach |
| 03-09-23 | 21-00194 | District | Shauna Leslie |
| 04-25-23 | 20-01788 | District | Mike Phillips |

**4.**    **Celia Whelan-Forensic Scientist**

The United States intends to call Celia Whelan, Forensic Scientist with the Sedgwick County Regional Forensic Science Center as an expert witness at trial regarding the testing of controlled substances. Ms. Whelan will testify regarding the substances at issues in this this case, and opine, that through testing including weight determination; color tests; microscopic examination; pharmaceutical identification; gas chromatography-

7

mass spectrometry examination; Marijuana/Hemp differentiation; and Fourier Transform Infrared-Attenuated Total Reflectance, the substances at issue contained fentanyl, cocaine, xylazine, and marijuana.

    a.    **Opinion:** Ms. Whelan will testify to receiving and testing items 1-110 from containers B-M as laid out in her lab report, Case # 22-00422 #2, which was previously provided previously to the parties through discovery and are attached to this disclosure and incorporated herein. The attached report contains Ms. Whelan's opinions as to the identification of the substances in the various containers and item numbers along with a description of what each item is.

Generally, Ms. Whelan will testify that:

1) Items 2 and 3 from container B contained a detectable amount of fentanyl with a net weight of 22.57 grams.

2) Items 5 and 6 from container C contained a detectable amount of fentanyl with a net weight of 55.99 grams.

3) Items 8 and 9 from container D contained a detectable amount of fentanyl with a net weight of 76.09 grams.

4) Item 11 from container E contained xylazine, which is not a controlled substance and had a net weight of 1120.40 grams.

5) Items 13-18 from container F contained a detectable amount of cocaine with a total net weight between the items of 502.93 grams. Each item's net weight is listed in Ms. Whelan's report incorporated herein.

6) Item 26 from container G contained a detectable amount of fentanyl with a net weight of 1006.77 grams.

7) Item 27 from container G contained xylazine, which is not a controlled substance and had a net weight of 988.06 grams.

8) Items 31 from container I contained a detectable amount of cocaine with a total net weight of 352.52 grams.

9) Items 33-67 from container J contained Etizolam with a total net weight between the items of 537.94 grams. Each item's net weight is listed in Ms. Whelan's report incorporated herein.

10) Items 85-96 from container K contained a detectable amount of fentanyl with a total net weight between the items of 663.16 grams. Each item's net weight is listed in Ms. Whelan's report incorporated herein.

11) Item 104 from container L contained a detectable amount of marijuana containing Tetrahydrocannabinol with a net weight of 224.24 grams.

12) Items 106-107 from container M contained a detectable amount of fentanyl with a net weight of 32.90 grams.

13) Items 109-110 from container M contained a detectable amount of fentanyl with a net weight of 78.09 grams.

Any additional information listed in Ms. Whelan's report is incorporated herein and will be opined on by Ms. Whelan.

  **b.**  **Basis and Reasons for the Opinion:** Ms. Whelan's opinions have been formulated from a combination of her professional experience and training. Ms. Whelan

examined the substances provided and tested those substances in accordance with Sedgwick County Regional Forensic Science Center and industry and protocols and procedures which utilize a variety of tests, laid out in her lab report, which is incorporated herein. Ms. Whelan's expert report, previously provided to the parties through discovery and attached to this disclosure and incorporated herein also contains the basis for her opinions. Each report is signed by Ms. Whelan and contains "all the opinions and the bases and reasons for them required by [Fed.R.Crim.P. 16(a)(1)(G)] (iii)."  As such, the government asserts that Ms. Whelan is not required to sign this notice pursuant to Fed.R.Crim.P. 16(a)(1)(G)(v).

    c.    **Qualifications/ Previous Publications:**  Ms. Whelan's qualifications are listed out in her curriculum vitae which was previous provided to the parties in discovery and attached to this disclosure and incorporated herein. Publications are listed on Ms. Whelan's curriculum vitae.

    d.    **Prior Expert Testimony**:

| Date | Case Number | Court | Prosecutor |
|---|---|---|---|
| 10/30/2019 | 18-01867 | District | Mandee Schauf |
| 11/21/2019 | 19-00289 | District | Robert Short |
| 01/22/2020 | 18-00992 | District | David Aschwege |
| 03/04/2020 | 20-00066 | District | Cole Storer |
| 08/17/2020 | 20-01182 | Municipal | Armand Shukaev |
| 10/02/2020 | 20-00996 | District | Randall Hubert |
| 11/22/2021 | 19-00289 | District | Robert Short |
| 03/21/2022 | 19-00928 | District | Atticus Disney |
| 09/09/2022 | 22-01743 | Municipal | Jakob Ladanyi |
| 09/09/2022 | 22-01740 | Municipal | Jakob Ladanyi |

| | | | |
|---|---|---|---|
| 09/09/2022 | 22-01736 | Municipal | Jakob Ladanyi |
| 12/15/2022 | 22-01977 | Municipal | Jakob Ladanyi |
| 04/03/2023 | 23-00656 | Municipal | Jakob Ladanvi |

**5.     Drug Expert Special Agent Aaron Chaffee with the Alcohol, Tobacco, Firearms & Explosives (ATF)**

a.     **Opinion:**  It is anticipated that SA Chaffee will testify regarding the common practices of drug trafficking organizations, drawing parallels and distinctions to the present case. These practices will include, but are not limited to, the identifying of slang words for the narcotics and other aspects of the drug trade, the placing of properties, vehicles and other assets in the names of others, the use of couriers and transporting controlled substances across the border via air travel. He will provide information on what quantities are considered distribution versus personal use quantities and what indicators there are of distribution versus personal use. A report from SA Chaffee containing his expected testimony will be provided through formal discovery disclosures and is attached hereto.

b.     **Basis and Reasons for the Opinion**: SA Chaffee's opinions have been formulated from a combination of the officer's professional experience, training, first-hand knowledge, contact with members of the narcotics trade in Kansas, participation in the underlying investigation, contact with members of the investigatory team, reports from the present case investigation, observations during the course of his career, and additional reference materials.

c.     **Qualifications**: The Curriculum Vitae of SA Chafee will be provided through formal discovery disclosures and is attached hereto.

  **d.**  **Prior Expert Testimony**: SA Chaffee's history testifying in this capacity is listed on his CV which will be provided through formal discovery disclosures and is attached hereto.

  I, Aaron Chaffee, have read and approved this disclosure.

                   _____
                   AARON CHAFFEE
                   Special Agent
                   ATF

  Notwithstanding the foregoing, the United States reserves its right to supplement this *Notice* with any additional expert witnesses that, although unknown and hence unidentified at this time, may later become essential to its case in chief if and when additional facts not presently known come to light.

                Respectfully submitted,

                KATE BRUBACHER
                United States Attorney

                s/ Katherine J. Andrusak
                KATHERINE J. ANDRUSAK
                Assistant U.S. Attorney
                1200 Epic Center, 301 N. Main
                Wichita, Kansas 67202
                Telephone: (316) 269-6481
                Fax: (316) 269-6484
                K.S.Ct.No. 25961
                E-mail: katie.andrusak@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Katherine J. Andrusak
KATHERINE J. ANDRUSAK,
Assistant U.S. Attorney
