IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>TEVIN TAYLOR, )<br>)<br>    Defendant. )<br>_____ ) | Case No.  22-cr-10053-10-EFM |

**DEFENDANT TEVIN TAYLOR'S MOTION FOR A PRETRIAL *JAMES*
HEARING AND DISCLOSURE OF CO-CONSPIRATORS' STATEMENTS
WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW the defendant Tevin Taylor, by and through his attorney, Paul S. McCausland, and moves the Court to conduct a pretrial *James* hearing.  In support of his motion, the defendant shows the Court as follows:

1.  Count 2 of the Second Superseding Indictment charges that Mr. Taylor and seven other defendants, Danny Martel Griffin a/k/a "Martel" a/k/a "Tel" a/k/a "Whale", Dalecia Anthony, Ricky Armour a/k/a "Tic", Donte Hopkins, Victor Nunez, Sr., Leigh Taylor, and Billy Taylor a/k/a "Doola", from at least sometime in June of 2019, the exact date being unknown to the Grand Jury, through and including June 29, 2022, within the District of Kansas, and elsewhere, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and distribute fentanyl; (b) to possess with the intent to distribute, and distribute heroin; © to possess with the intent to distribute, and distribute cocaine; and (d) to possess with

the intent to distribute, and distribute marijuana, all controlled substances in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)© and 841(b)(1)(D). (Doc. 116). It is further alleged, with respect to each defendant, his or her conduct as members of the conspiracy or conspiracies, which included the reasonably foreseeable conduct of other members of the conspiracies, involved specific amounts of controlled substances, including methamphetamine, heroin, cocaine, fentanyl and marijuana.

2. Count 4 alleges that defendants Danny Griffin, Leigh Taylor and Tevin Taylor maintained a drug involved premise. 21 U.S.C. § 856. Count 7 alleges that defendants Leigh Taylor and Tevin Taylor possessed with intent to distribute 400 grams and more of fentanyl. 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count 8 alleges that defendants Leigh Taylor and Tevin Taylor possessed with intent to distribute cocaine. 21 U.S.C. § 841(a)(1) and (b)(1)©.  It is alleged in Count 12 that Tevin Taylor used a communication facility to facility drug trafficking crimes. 21 U.S.C. § 843(b).  Count 15 further alleges that Tevin Taylor possessed firearms in furtherance of a drug trafficking crime, that is, conspiracy to possess with intent to distribute cocaine and fentanyl, as set forth in Count 2

3. Mr. Taylor anticipates that at trial the Government will attempt to introduce alleged co-conspirator statements into evidence under the provisions of Federal Rule of Evidence 801(d)(2)(E).  In the interest of making an accurate determination of the admissibility of such statements as an exception to the hearsay rule, and of reducing the possibility of prejudice or a mistrial caused by

2

inadmissible evidence coming before the jury, the defendant submits that this Court should conduct a pretrial hearing to determine the admissibility of any such statements.

4. For the statement of an alleged co-conspirator to be admissible, the prosecution must lay a foundation showing: (1) the existence of a conspiracy; (2) the statements were made during the course and in furtherance of the conspiracy; and (3) the declarations were made by one who conspired with the party against whom the statements are offered. Fed. R. Evid. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171, 175-176 (1987); *United States v. Sinclair,* 109 F.3d 1527, 1533 (10th Cir. 1997); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995); *United States v. James*, 590 F.2d 575, 578-80 (5th Cir.), cert. denied, 442 U.S. 917 (1979). The trial judge, not the jury, must determine the admissibility of co-conspirator statements. *James,* 599 F.2d at 580.

5. When preliminary facts relevant to determining whether a statement is admissible under the co-conspirator exception to the hearsay rule are disputed, the offering party, in this case the Government, must prove them by a preponderance of the evidence. *Bourjaily v. United States*, 483 U. S. at 176.

6. The Tenth Circuit has outlined two alternatives a district court may use to resolve these preliminary questions.  First, it may conduct a *James* hearing.  See *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998).  In a *James* hearing, the court, outside the jury's presence, hears evidence and decides whether

the predicate conspiracy existed. See, e.g., *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (discussing *United States v. James*, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979)).  A second and alternative procedure is for the district court to admit the out-of-court statements provisionally, but " 'with the caveat that ... the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence.' " *Gonzalez-Montoya*, 161 F.3d at 649 (quoting *Owens*, 70 F.3d at 1123 (alternation in original)).  The Tenth Circuit has expressed a strong preference for the first approach.

7.  The importance of a pretrial hearing was firmly established in *United States v. James*, 590 F.2d 575, 582 (5th Cir.), cert. denied, 442 U.S. 917 (1979), wherein the Court found that "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it *before* admitting declarations of a coconspirator." *Id.* (emphasis added). Courts in the Tenth Circuit repeatedly have emphasized a strong preference for *James* proceedings whenever the government relies on co-conspirator statements. *See United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

8.  The purpose of a *James* hearing is "to establish the existence, or nonexistence, of the predicates for the admission of a co-conspirator's extrajudicial declaration *before* the declaration is made known to the jury." *United States v.*

*Grassi*, 616 F.2d 1295, 1300 (5th Cir.) (emphasis original), cert. denied, 449 U.S. 956 (1980); see also *United States v. Perry*, 624 F.2d 29, 31 (5th Cir.1980).  This "protect[s] the defendant from the admission of prejudicial hearsay on the basis of threadbare evidence of conspiracy." *United States v. Caldwell*, 771 F.2d 1485, 1487 (11th Cir.1985) (quoting *Grassi,* 616 F.2d 1295).

9.  At the conclusion of the *James* hearing, the judge must decide whether the evidence linking the defendant to the conspiracy is substantial. *Caldwell,* 771 F.2d at 1487; *United States v. Kopituk*, 690 F.2d 1289, 1324 (11th Cir.1982), cert. denied, 463 U.S. 1209, 103 S.Ct. 3542(1983); *United States v. Perry*, 624 F.2d 29, 30 (5th Cir.1980); *Grassi,* 616 F.2d at 1300; *James,* 590 F.2d at 580-81; *United States v. Mulherin*, 521 F. Supp. 819, 821 (S.D.Ga.1981).  In deciding questions of admissibility, the court may consider the statements themselves as well as independent evidence. *See Bourjaily*, 483 U.S. at 178 (disapproving the aspect of *James* that held that the co-conspirator statement itself could not be considered when deciding whether the government has met the conditions of admissibility).

10.  "To reveal to the jury what someone has said, out of court, incriminating the defendant is strong medicine." *United States v. Ricks*, 639 F.2d 1305, 1308 (5th Cir.1981). Trial judges have been cautioned to be "mindful of the teaching of *James* that the improper admission of hearsay to the prejudice of the defendant can rarely be eliminated by curative or cautionary instructions." *Id.* at 1309.  The substantial likelihood of an error resulting in mistrial, and the associated waste of judicial

resources, militates strongly in favor of conducting a hearing on the issue. "Obviously, a separate hearing out of the presence of the jury, in which the parties develop all pertinent evidence of the conspiracy and defendant's involvement, would be the optimum method for avoiding inadvertent introduction of hearsay and resulting reversible error." *United States v. Whitley*, 670 F.2d 617, 620 (5th Cir.1982).

11.  A *James* hearing is necessary "because of the 'danger' to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger." *James,* 590 F.2d at 582.

12.  The procedure requested is particularly appropriate in the case at bar for several reasons. First, the evidence concerning the alleged conspiracy or conspiracies will include travel by defendants accompanied by each other.  It is anticipated that conversations or electronic communications by co-defendants were involved.  It is also anticipated that other persons engaged in communications with the co-defendants with respect to the transactions alleged in the indictment. Statements by multiple individuals, including persons not indicted as co-conspirators, likely will be introduced.  Therefore, the number of declarants and statements in this case warrant a cautious approach to avoid the monumental waste of resources that would be occasioned by a mistrial.  Second, the danger of inappropriately attributing the statements of co-conspirators to defendant is significant given the number of co-defendants and alleged conspirators joined in the

case and the known informants and unindicted co-conspirators who may be called as witnesses.

13. It is further requested that all statements alleged by the Government to have been made "during the course and in furtherance of the conspiracy" be immediately disclosed to defense counsel. Oral statements of a defendant, co-defendant or co-indictee may be discovered when they are made "in response to interrogation by any person then known to the defendant to be a government agent." *U.S. v. McClure,* 734 F.2d 484, 493 (10th Cir.1984). Further, since the statement of a co-conspirator, after the proper foundation is laid, is admissible against the defendant as if it were the defendant's own utterance, such statements should be discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A). *See United States v. Thevis*, 84 F.R.D. 47, 56 (N.D.Ga.1979); *United States v. Agnello*, 367 F.Supp. 444, 448 (E.D.N.Y.1973). At a minimum, pursuant to Rule 16(a)(1)(A), non-witness co-conspirators' statements should be disclosed to defendant if the government intends to use such declarations at trial as admissions attributable to him. See, e.g., *United States v. Gallo*, 654 F.Supp. 463, 479 (E.D.N.Y.1987), affirmed, 863 F.2d 185 (2d Cir.1988).

14. Even if this Court declines to apply Rule 16(a)(1)(A) to statements other than those made by a defendant, this Court has the inherent authority to order discovery beyond that authorized by Rule 16, including the discovery of co-conspirators' statements. See *United States v. Williams*, 792 F.Supp. 1120, 1126 (S.D.Ind.1992). The exercise of such discretion is warranted to enable a defendant

7

to prepare his defense and to avoid unfair surprise at trial. "[T]he mere fact that a coconspirator's statements may be imputed to the defendant for purposes of the hearsay rule, Fed.R.Evid. 801(d)(2)(E), indicates both the relevance and importance of such statements to the preparation of the defendant's defense.' *Id.* at 1127.

15. Mr. Taylor does not know what conversations occurred between other co-defendants or co-conspirators.  He was not present for their conversations with each other.  The surprise factor, which weighs so heavily in favor of disclosing defendants' statements, is even more pronounced where the defendant has never been aware of the statement.  A defendant does not need merely to recall the co-conspirator's statement in order to rebut it or put it in context, as is the case with his own statements; instead, the defendant may be exposed to it for the very first time at trial, with very little hint of where or how to turn in rebuttal. The danger of false accusation is much greater with a co-conspirator statement, for the defendant may be unaware of the statement itself, its exact context, its content, or the events to which it refers.  Effective preparation for trial and cross-examination is difficult under those circumstances.  *Gallo,* 654 F.Supp. at 476.  Therefore, co-conspirator statements that will be attributed to defendant Tevin Taylor through Rule 801(d)(2)(E) should be discoverable by the defense under Rule 16(a)(1)(A) or pursuant to this Court's inherent authority.

16. Further support for the production of co-conspirator statements is provided in defendant Tevin Taylor's motion for an order compelling the Government to produce all statements of co-defendants and co-conspirators filed

concurrent with this motion.

For the foregoing reasons, the defendant Tevin Taylor moves the Court to order a pretrial *James* hearing to determine whether or not any alleged co-conspirator statements are admissible and to order disclosure of co-conspirator statements.

        Respectfully submitted,

        LAW OFFICE OF PAUL S. MCCAUSLAND
        Omni Business Center
        111 S. Whittier
        Wichita, Kansas  67207-1045
        Telephone:   (316) 689-4235
        Facsimile:    (316) 689-4299
        mccauslaw@gmail.com

        By: s/ Paul S. McCausland
        Paul S. McCausland, KS # 08878
        Attorney for Tevin Taylor

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        s/ Paul S. McCausland
        Paul S. McCausland, KS #08878