IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cr-10053-10-EFM |
| ) | |
| TEVIN TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT TEVIN TAYLOR'S MOTION FOR ORDER COMPELLING THE GOVERNMENT TO PRODUCE ALL STATEMENTS OF CO-DEFENDANTS AND CO-CONSPIRATORS THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL AND MEMORANDUM IN SUPPORT**

The defendant Tevin Taylor respectfully moves the Court for an Order compelling the Government to produce all statements by co-defendants and co-conspirators the Government intends to introduce at trial either in the Government's case in chief, or in rebuttal. Defendant Tevin Taylor has filed a motion for a *James* hearing. The motion has not been set for hearing. In order for the *James* hearing to have meaning, the Government must be required to produce statements by alleged co-defendants and co-conspirators prior to the hearing so that the defendant may prepare to address the statements. The statements should include the following:

1. All post-arrest statements of co-defendants or conspirators made to law enforcement agents;

2. All out-of-court or hearsay statements of co-defendants, co-conspirators or unindicted co-conspirators that implicate the defendant in crimes charged in the indictment, or in other crimes, acts or wrongs, or information concerning the alleged conspiracy as charged in the indictment.

1

### Memorandum in Support

1. **Production of All Post-arrest Statements of Co-defendants or Conspirators Made to Law Enforcement Agents That May Be Introduced at Trial.**

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment's confrontation clause requires a trial court to exclude hearsay that is "testimonial" in nature unless the declarant is unavailable and the defendant has had an opportunity earlier to cross-examine the declarant. *Id.* at 68. While the Court in *Crawford* did not precisely define "testimonial," it indicated "that the term encompasses formal statements to government officers, including at least statements during police interrogation and prior testimony." *United States v. Faulkner*, 439 F.3d 1221, 1225 (10th Cir.2006) (*citing Crawford*, 541 U.S. at 51-52).

The Supreme Court subsequently indicated in *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266 (2006), that a statement is testimonial if "the circumstances objectively indicate ... that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution," and clarified the definition of "testimonial" hearsay to a police interrogation context. 126 S.Ct. at 2273. "Without attempting to produce an exhaustive classification of all conceivable statements-or even all conceivable statements in response to police interrogation-as either testimonial or nontestimonial," the Supreme Court held that statements "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency" are non-testimonial. *Id.*

As established in *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620 (1968), and solidified in *Crawford*, it is well established that if a co-defendant in a joint trial has made a confession implicating another co-defendant, and the government seeks to use the confession in its case-in-chief, the non-confessing defendant has the right

2

to have the confession excluded, or to a severance, or to a redaction of the confession to avoid mention or implication of the non-confessing defendant.  *Bruton*, 391 U.S. supra; *see also Cruz v. New York*, 481 U.S. 186 (1987).  The basis for this rule is that the introduction of the confession violates the non-confessing defendant's Sixth Amendment rights of confrontation and cross-examination.  *Id.*  Not all *Bruton* errors can be cured by a limiting instruction.  See *United States v. Glass and Burnett*, 128 F.3d 1398, 1402-03 (10th Cir. 1997) (The court's limiting instruction could not cure the Sixth Amendment transgression caused by a co-defendant's post-arrest statement to a detective that she and Burnett had transported narcotics.)

As required by the Sixth Amendment and *Crawford*, defendant Tevin Taylor must be provided a complete report providing the name and a concise statement of any post-arrest statement by a co-defendant implicating him in any crime, wrong or act that provides evidence in support of the elements of Count 2, as identified by the Tenth Circuit pattern instructions and controlling law.  To prevail on the conspiracy charged in Count 2, the Government must prove each of the following elements beyond a reasonable doubt:

| | | |
|---|---|---|
| First: | two or more persons agreed to violate the federal drug laws; |
| Second: | the defendant knew the essential objective of the conspiracy; |
| Third: | the defendant knowingly and voluntarily involved herself in the conspiracy; |
| Fourth: | there was interdependence among the members of the conspiracy. |
| Fifth: | the overall scope of the conspiracy involved at least 50 grams of methamphetamine. |

Criminal Pattern Jury Instruction 2.87, Tenth Circuit (2021).

It is therefore requested that all statements alleged by the Government to

have been made "during the course and in furtherance of the conspiracy" be immediately disclosed to defense counsel.  Oral statements of a defendant, co-defendant or co-indictee may be discovered when they are made "in response to interrogation by any person then known to the defendant to be a government agent."  *U.S. v. McClure,* 734 F.2d 484, 493 (10th Cir.1984).  Further, since the statement of a co-conspirator, after the proper foundation is laid, is admissible against the defendant as if it were the defendant's own utterance, such statements should be discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A). *See United States v. Madeoy*, 652 F.Supp. 371, 375 (D.D.C.1987), aff'd, 912 F.2d 1486 (D.C.Cir.1990), cert. denied, 498 U.S. 1105, 111 S.Ct. 1008, 112 L.Ed.2d 1091 (1991); *United States v. Thevis*, 84 F.R.D. 47, 56 (N.D.Ga.1979); *United States v. Agnello*, 367 F.Supp. 444, 448 (E.D.N.Y.1973).  At a minimum, pursuant to Rule 16(a)(1)(A), non-witness co-conspirator statements should be disclosed to the defendant if the government intends to use such declarations at trial as admissions attributable to a defendant. See, e.g., *United States v. Gallo*, 654 F.Supp. 463, 479 (E.D.N.Y.1987), affirmed, 863 F.2d 185 (2d Cir.1988); *Madeoy,* 652 F.Supp. at 375.

    **2.**    **Production of All Out of Court or Hearsay Statements of Co-defendants, Co-conspirators or Unindicted Co-Conspirators That Will Be Introduced at Trial, Either in the Government's Case in Chief, or in Rebuttal, That Implicate the Defendant in Crimes Charged in the Indictment, or in Other Crimes, Acts or Wrongs, or Information Concerning the Alleged Conspiracy as Charged in the Indictment.**

Under Tenth Circuit law, a district court shall only admit co-conspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a "predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir.1995).  The Tenth Circuit has mentioned a "strong preference for *James* proceedings." *United States v. Gonzalez-Montoya,* 161

F.3d 643, 648 (10th Cir.1998); *United States v. Lopez-Gutierrez,* 83 F.3d 1235, 1242 (10th Cir.1996); *Owens,* 70 F.3d at 1123.

In this case the Court must determine at a *James* hearing by a preponderance of the evidence (1) the existence of a drug conspiracy as alleged in Count 2 as defined in 21 U.S.C. § 846, (2) that numerous co-defendants, unindicted co-conspirators, and the defendant Tevin Taylor were members of the conspiracies; and (3) the anticipated testimony of these co-conspirators at defendant's trial concerns statements made in furtherance of the conspiracy. *See Owens*, 70 F.3d at 1123; *see also United States v. James,* 590 F.2d 575, 582 (5th Cir.1979).

Pursuant to Rule 16(a)(1)(A), a non-witness co-conspirator statement should be disclosed to the defendant if the Government intends to use such declaration at trial as admissions attributable to defendant. See, *United States v. Gallo*, supra. Even if this Court declines to apply Rule 16(a)(1)(A) to statements other than those made by a defendant, this Court has the inherent authority to order discovery beyond that authorized by Rule 16, including the discovery of co-conspirator statements. *See United States v. Williams*, 792 F.Supp. 1120, 1126 (S.D.Ind.1992). The exercise of such discretion is warranted to enable the defendant to prepare his defense and to avoid unfair surprise at trial. "[T]he mere fact that a coconspirator's statements may be imputed to the defendant for purposes of the hearsay rule, Fed.R.Evid. 801(d)(2)(E), indicates both the relevance and importance of such statements to the preparation of the defendant's defense." Id. at 1127.

Mr. Taylor must be provided copies of reports or other documents regarding these "co-conspirator statements" in order for him to prepare for trial and the *James* hearing in accord with the "fair trial" component of the Due Process Clause of the Fifth Amendment and Rule 801(d)(2)(E) of the Federal Rules of Evidence. Fed.R.Evid. 801(d)(2)(E) provides: "A statement is not hearsay if ... [t]he statement

is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."  If any of the *James* factors are not satisfied, then the statement is hearsay and inadmissible and in violation of the Sixth Amendment Right to Confrontation as provided in *Crawford*, supra.

>Respectfully submitted,
>
>LAW OFFICE OF PAUL S. MCCAUSLAND
>Omni Business Center
>111 S. Whittier
>Wichita, Kansas  67207-1045
>Telephone:   (316) 689-4235
>Facsimile:    (316) 689-4299
>mccauslaw@gmail.com
>
>By: s/ Paul S. McCausland
>Paul S. McCausland, KS # 08878
>Attorney for Tevin Taylor

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>s/ Paul S. McCausland
>Paul S. McCausland, KS #08878