IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>          )<br>    Plaintiff,         )<br>          )<br>vs.                        )   Case No.  22-cr-10053-10-EFM<br>          )<br>TEVIN TAYLOR,      )<br>          )<br>    Defendant.     )<br>_____) | |

**DEFENDANT TEVIN TAYLOR'S MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS NOT CHARGED IN THE INDICTMENT**

COMES NOW Tevin Taylor and respectfully moves the Court to enter an Order compelling the Government to provide notice of all evidence the Government intends to offer against him in it's case in chief or pursuant to FRE 404(b).

1. Defendant Tevin Taylor is one of eight defendants prosecuted by the United States Government in a thirty-seven (37) count second superceding indictment. (Doc. 116).  Mr. Taylor and the other defendants are charged from at least sometime in June of 2019, the exact date being unknown to the Grand Jury, through and including June 29, 2022, within the District of Kansas, and elsewhere, knowingly and intentionally combining, conspiring, confederating and agreeing together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and distribute fentanyl; (b) to possess with the intent to distribute, and distribute heroin; © to possess with the intent to distribute, and distribute cocaine; and (d) to possess with the intent to distribute, and distribute marijuana, all controlled substances in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)© and 841(b)(1)(D). (Doc. 116). It is further alleged, with respect to each defendant, his or her conduct as members of the

conspiracy or conspiracies, which included the reasonably foreseeable conduct of other members of the conspiracies, involved specific amounts of controlled substances, including methamphetamine, heroin, cocaine, fentanyl and marijuana.

2. Count 4 alleges that defendants Danny Griffin, Leigh Taylor and Tevin Taylor maintained a drug involved premise. 21 U.S.C. § 856. Count 7 alleges that defendants Leigh Taylor and Tevin Taylor possessed with intent to distribute 400 grams and more of fentanyl. 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count 8 alleges that defendants Leigh Taylor and Tevin Taylor possessed with intent to distribute cocaine. 21 U.S.C. § 841(a)(1) and (b)(1)©.  It is alleged in Count 12 that Tevin Taylor used a communication facility to facility drug trafficking crimes. 21 U.S.C. § 843(b).  Count 15 further alleges that Tevin Taylor possessed firearms in furtherance of a drug trafficking crime, that is, conspiracy to possess with intent to distribute cocaine and fentanyl, as set forth in Count 2

3.  In a discovery letter from the government dated February 6, 2023, the government stated:

> Pursuant to Rule 404(b), 413 and 414 of the Federal Rules of Evidence I provided you with discovery in my possession (if any) related to other acts on the part of the defendant which might be relevant to the charges in this case. This letter will serve as notice of the United States' intent to use such evidence at trial.

The Government has indicated an intent to present at trial evidence of other crimes, wrongs or acts not charged in the indictment to prove circumstances underlying the crimes charged and to establish motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident under FRE Rule 404(b).

4.    The Defendant is entitled to notice pursuant to Rule 12 b(4)(B) and FRE 404(b) of the specific evidence the Government intends to offer in this regard, whether it is offered  as 404 (b) evidence, or as other crimes or wrongs not charged

in the indictment offered to prove an element of the offense charged. In either instance, the proffered evidence must be subject to the limitations announced in *Huddleston v. United States, ante.* The Government should be required to state in a written proffer at least ninety (90) days prior to trial the following:

A. A detailed summary of the evidence to be introduced regarding any crime, wrong or act not charged in the indictment;

B. Regarding each crime, wrong or act, whether the evidence is offered to prove an allegation in the indictment, by indicating the specific allegation it is offered to prove;

C. Regarding each crime, wrong or act, whether the evidence is offered under FRE Rule 404(B) and, if the evidence is offered as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, a specific allegation that articulates precisely the evidentiary hypothesis by which one of these elements may be inferred from evidence of other acts.

5. The defendant received a copy of his criminal history at the outset of this case from the United States Probation Office. He has not received a criminal history from the government. The defendant has committed other crimes during his life, but he has not committed any crime similar to the offenses alleged in the Second Superseding Indictment. His convictions involve misdemeanor theft, battery, a false representation to a pawn broker, and driving and insurance violations. Specifically, he has never been convicted of any crime involving the distribution or possession of narcotics or possession of a firearm. He has never been convicted of a federal offense.

## Authority

A person charged with a criminal offense has a right to assume that he will be tried for that offense only and will not be required to meet evidence of other, unrelated, criminal acts, and therefore, ordinarily all evidence of crimes unconnected with offense charged must be excluded. *Mills v. United States*, 367 F.2d 366 (10th Cir. 1966). The Government has the burden of demonstrating how

evidence of other crimes, wrongs or acts committed by a defendant is relevant to an issue in the case by articulating precisely the evidentiary hypothesis by which a fact of consequence may be inferred from evidence of other acts. There must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried. *United States v. Hogue*, 827 F.2d 660 (10th Cir. 1987).

Of course, the evidence to be offered against a defendant must relate to acts committed by the defendant rather than his co-defendants. *United States v. Cardall*, 885 F.2d 656, (10th Cir. 1989) (Evidence of unlawful acts in connection with a business which was a predecessor to one involved in the prosecution was not admissible with respect to a defendant where the evidence concerned bad acts of the defendant's other associates, and not acts of the defendant.)

In *Huddleston* v. *United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988), the Court set out the requirements for protection against unfair prejudice upon admission of similar acts evidence: (1) the evidence must be offered for a proper purpose; (2) the evidence must meet the requirement of the relevancy rule of evidence, as enforced through the preliminary question rule governing a situation in which relevancy is conditioned on fact; (3) the trial court must assess whether the probative value of the evidence is substantially outweighed by its potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that similar acts evidence is to be considered only for a proper purpose for which it was admitted. *See also United States v. Record,* 873 F.2d 1363, 1374 (10th Cir.1989); *United States v. Cherry*, 433 F.3d 698, (10th Cir. 2005).

FRE 404(b) states in relevant part: "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

The notice must "articulate the relevant purpose" and the "specific inferences to be drawn from the evidence the Government intends to introduce." *United States v. Birch*, 39 F.3d 1089 (10th Cir. 1994).  In *United States v. Singleton*, 922 F.Supp. 1522 (D. Kan 1996), the Government did not give the defendant sufficient pretrial notice of its intent to use other crimes evidence, where the government indicated it might offer prior and subsequent conduct that involved manufacture and distribution of counterfeit payroll checks or that related to false statements. In *United States v. Long,* 814 F.Supp. 72 (D. Kan. 1993), the Government's notice of its intent to use other crimes evidence was insufficient.  Although the notice named a witness who would testify against the defendant, it did not describe the nature of the conduct the government intended to introduce through the witness.

The notice must provide enough detail for the Court to make the determinations required by *Huddleston* and for the defendant to be able to investigate the other crimes or bad acts, and move to exclude the evidence by a Motion in Limine.  This is particularly true where the probative value of the evidence is outweighed by the prejudice it may generate.  In *United States v. McManaman,* 606 F.2d 919 (10th Cir. 1979), statements of the defendant were obtained by secret interrogation through an electronic transmitter worn by a government agent, after the defendant had been charged, had retained a lawyer and had been released on bail.  The statements were not inadmissible for purposes of impeaching the defendant's sweeping denials of drug dealings made on direct examination, but, their probative value was substantially outweighed by a danger of unfair prejudice thus making their admission prejudicial error under this rule, in view of statements made by the defendant during such interrogation concerning alleged planned murders not related to the defendant's denials of drug dealings. Obviously, a detailed notice is required in order for the Court and the defense to

properly address the relevancy and prejudice issues under *Huddleston.*

The length of time before trial that the notice must be provided depends on the complexity of the case, the nature of the evidence and the purpose for which the evidence is offered. Obviously, if the Government is allowed to introduce evidence of other crimes or wrongs, the case becomes even more complex and will require the defense to defend "a trial within a trial." *See Welch v. United States*, 371 F.2d 287 (10th Cir. 1966) (evidence of unlawful conduct, material to the crime charged, should not be admitted if its admission diverts the case into a "trial within a trial" and in actuality exposes the defendant to a conviction for a crime not charged.)  It is in the interest of justice and Due Process of Law that the defendant be afforded a fair and complete opportunity to exclude evidence of other crimes or wrongs by a Motion to Suppress or Motion in Limine.

The Government also has a continuing obligation to provide notice of newly discovered other crimes or acts evidence. *United States v. Barnes*, 49 F.3d 1144 (6th Cir. 1995).

Wherefore, the defendant Tevin Taylor prays that the Court direct the Government to provide a detailed and specific notice as requested herein.

    Respectfully submitted,

    LAW OFFICE OF PAUL S. MCCAUSLAND
    Omni Business Center
    111 S. Whittier
    Wichita, Kansas  67207-1045
    Telephone:    (316) 689-4235
    Facsimile:    (316) 689-4299
    mccauslaw@gmail.com

    By: s/ Paul S. McCausland
    Paul S. McCausland, KS # 08878
    Attorney for Tevin Taylor

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                    s/ Paul S. McCausland
                                    Paul S. McCausland, KS #08878