# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                            CASE NO. 22-CR-10053-10-EFM

**TEVIN TAYLOR,**

      **Defendant.**

**UNITED STATES' RESPONSE TO DEFENDANT TEVIN TAYLOR'S MOTION FOR A PRETIRAL *JAMES* HEARING AND DISCLOSURE OF CO-CONSPIRATORS' STATEMENTS and MOTION FOR ORDER COMPELLING THE GOVERNMENT TO PRODUCE ALL STATEMENTS OF CO-DEFENDANTS AND CO-CONSPIRATORS THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL**
**(Doc. 161 and Doc. 162)**

COMES NOW, the United States, by and through Aaron Smith, Assistant United States Attorney, and submits this response to defendant Tevin Taylor's motion for a pretrial James hearing and motion to for production of co-defendant and co-conspirator statements (Doc. 161 and Doc. 162).

## Admissibility of Statements

Federal Rules of Evidence 801(c) defines "hearsay" as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Subsection (d) specifies that "a statement is not hearsay if –

...(2) **An Opposing Party's Statement.** The statement is offered against an opposing party and (A) was made by the party in an individual or representative capacity;...or (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish ... the existence of the conspiracy or participation in it under (E).

1. The Defendants Own Statement

Any statements made by a defendant that goes to trial, recorded during wiretaps, on a cellphone download, or repeated by witnesses who heard the statements made, are not hearsay. This evidence is admissible against the defendant who made the statement pursuant to Fed.R.Evid. 801(d)(2)(A). *United States v. Lang*, 364 F.3d 1210, 1222 (10th Cir. 2004).

2. Co-Conspirator Statements

Statements made by one defendant to another defendant, recorded during the wiretaps, and on cellphone downloads or overheard by witnesses, are admissible against the speaking defendant as his or her own statement. The speaking defendant's statements are admissible against the other defendants participating in the conspiracy as a co-conspirator statement.

The statements identified by the United States at any *James* hearing will be admissible as co-conspirator statements pursuant to Fed.R.Evid. 801(d)(2)(E). Out of court statements made by co-conspirators are properly admitted if the district court finds, by a preponderance of the evidence, that (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy. *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999). A preponderance of the evidence is evidence sufficient to persuade the court that a fact is more likely present than not present. *Tenth Circuit Pattern Criminal Federal Jury Instruction* 1.05.1.

Rule 801(d)(2)(E) "does not embody a requirement that the statement in question 'be made by a coconspirator to a coconspirator.'" *United States v. Williamson*, 53 F 3d. 1500 (10th Cir. 1995) (citing *United States v. Thompson,* 976 F.2d 666, 670 (11th Cir.1992) (emphasis added), *cert. denied,* 509 U.S. 910, 113 S.Ct. 3010, 125 L.Ed.2d 701 (1993)). Stated alternatively, in deciding whether statements are admissible under Rule 801(d)(2)(E), the appropriate focus is on whether the statements were 'made by' a member of the conspiracy, and not on whether the statements were 'made to' a member of the conspiracy. *United States v. Williamson*, 53 F 3d. 1500, 1519 (10th Cir. 1995). The indictment need not charge a defendant with a conspiracy for coconspirator statements to be admissible. *United States v. Jones*, 540 F. 2d 465, 471 (10th Cir. 1976). *See also United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985). Moreover, statements of unindicted co-conspirators are admissible so long as the requisite 801(d)(2)(E) findings are made. *United States v. Davis*, 766 F.2d 1452, nt 12, 1457-58 (10th Cir. 1985).

The court may consider the hearsay statement itself, as well as independent factors, in determining whether the government has established a conspiracy by a preponderance of the evidence. Fed. R. Evid. 801(d)(2); *Bourjaily v. United States*, 483 U.S. 171, 181 (1987). The court has discretion to consider any evidence, not subject to privilege, including the co-conspirator statements and any other hearsay evidence, even if that evidence would not otherwise be admissible at trial. *United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir. 1995) (at James hearing, the court could hear testimony from the agent who summarizes statements made by co-conspirators to the agent). *See also* Fed.R.Evid. 104(a) (court not bound by the Rules of Evidence). *See*, *e.g.*, *United States v. Hernandez*, 829 F.2d 988, 993 (10th Cir.1987). The "independent evidence" does not need to be substantial to be sufficient. *Owens*, 70 F.3d at 1125 (citing *United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir. 1993)); *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987).

        a. <u>Establishing the Conspiracy and Membership</u>

In order to establish that a conspiracy existed, the government must prove: (1) that two or more people agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily took part in the conspiracy; and (4) the coconspirators were interdependent. *See United States v. Pulido Jacobo*, 377 F.3d 1124, 1129 (10th Cir.2004). "To prove an agreement, the government need not offer direct proof of an express agreement on the part of the defendant. Instead the agreement may be informal and may be inferred entirely from circumstantial evidence." *Id*. at 1129 31.

> "Such circumstantial evidence may arise from "the joint appearance of defendants at transactions and negotiations in furtherance of the conspiracy; the relationship among codefendants; mutual representation of defendants to third parties; and other evidence suggesting unity of purpose or common design and understanding among conspirators to accomplish the objects of the conspiracy."

*United States v. Beasley*, No. 13-10112-01-12-JTM, 2016 WL 3676465, at *1 (D. Kan. July 1, 2016) (citing *United States v. Wardell*, 591 F.3d 1279, 1287-88 (10th Cir. 2009)).

A defendant does not need to know of the existence or identity of the other members of the conspiracy, or even the full extent of the conspiracy, but only a "general awareness" of both the scope and objective of the enterprise. *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999) (citing *United States v. Evans*, 970 F.2d 663, 669-70 (10th Cir. 1992)). For purposes of a "single conspiracy finding", it is generally sufficient that a conspirator knowingly participated with a "core conspirator" to achieve a common objective with the knowledge of a larger venture. *Id.* (*quoting United States v. Vaziri*, 164 F.3d 556, 565 (10th Cir. 1999)).

In order to qualify as a member of a conspiracy, each member must have knowledge of the agreement to accomplish an illegal goal and intend to associate themselves in some way with the conspiracy. *See*, *e.g.*, *United States v. Ivy*, 83 F.3d 1266, 1286 (10th Cir.1996). Further, "[i]nterdependence exists where each coconspirator's actions constitute essential and integral steps toward the realization of a common, illicit goal." *Pulido Jacobo*, 377 F.3d at 1131. Circumstantial evidence can be sufficient to support the government's burden of proof. *United States v. Caldwell*, 589 F.3d 1323, 1329 (10th Cir. 2009).

b. <u>Statement Made in Furtherance of the Conspiracy</u>

Statements by a conspirator are in furtherance of the conspiracy when they are "intended to promote the conspiratorial objectives." *United States v. Townley*, 472 F 3d. 1267, 1273 (10th Cir. 2007).

> Such promotion occurs through "statements that explain events of importance to the conspiracy in order to facilitate its operation," *United States v. Smith,* 833 F.2d 213, 219 (10th Cir.1987), " '[s]tatements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy,' " *id.* (alteration in original) (quoting *United States v. Gomez,* 810 F.2d 947, 953 (10th Cir.1987)), and " '[s]tatements of a coconspirator identifying a fellow coconspirator' " *id.* (alteration in original) (quoting *United States v. Handy,* 668 F.2d 407, 408 (8th Cir.1982)). Of course, "direct testimony of a conspirator ... describing his participation in the conspiracy and the actions of others is not hearsay." *United States v. Mobile Materials, Inc.,* 881 F.2d 866, 871 (10th Cir.1989).

*Id*.

Rule 801(d)(2)(E) provides for the admission of statements "between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy." *id*. at 1273. *United States v. Smith*, 833 F. 2d 213, 219 (10th Cir. 1987). (quoting *United States v. Gomez*, 810 F. 2d 947, 953 (10th Cir. 1987). There is no "talismanic formula for ascertaining when a conspirator's statements are in furtherance of the conspiracy." *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986). "Rule 801(d)(2)(E) explicitly says statements need be 'in furtherance of the conspiracy,' not that they 'further the conspiracy.' It is enough that they be intended to promote the conspiratorial objectives." *Id*. (citing

*United States v. Hamilton,* 689 F.2d 1262, 1270 (6th Cir.1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 753, 74 L.Ed.2d 971 (1983)).

"Examples of statements which may be found to satisfy the 'in furtherance' requirement include statements made to induce enlistment or further participation in the group's activities; statements made to prompt further action on the part of conspirators; statements made to reassure members of a conspiracy's continued existence; statements made to allay a co-conspirator's fears; and statements made to keep co-conspirators abreast of an ongoing conspiracy's activities." *United States v. Perez*, 989 F.2d 1574, 1578–79 (10th Cir. 1993) (citation omitted).

### c. Confrontation Clause

The Confrontation Clause prohibits the introduction of testimonial statements by a non-testifying witness unless the witness is unavailable and there was a prior opportunity for cross-examination. *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017)(citation omitted). Usually, "[t]he Confrontation Clause applies to 'testimonial hearsay,' which typically involves 'a solemn declaration of affirmation made for the purpose of ….proving some fact." *United States. v. Otuonye*, 955 F.3d 1191, 1206 (10th Cir. 2021)(citing *Crawford v. Washington*, 541 U.S. 36, 51, 69 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). Because statements are made in furtherance of a conspiracy, they are nontestimonial, thus presenting no Confrontation Clause issues. *See United States v. Patterson*, 713 F.3d 1237, 1247 (10th Cir. 2013).

In the *Otuonye* case, text messages between Dr. Henson and his patients were admitted into evidence as co-conspirator statements. Neither Dr. Henson nor the patients were charged defendants in the *Otuonye* case. The Tenth Circuit determined that the text messages were not testimonial and that there was no indication that "a reasonable person in the position of the declarant would objectively foresee that the text messages might be used in the investigation or prosecution of a crime." *United States. v. Otuonye*, 955 F.3d 1191, 1206 (10th Cir. 2021) (citing *U.S. v. Keck*, 643 F.3d 789, 796 (10th Cir 2011)).

## The Present Indictment

The Tenth Circuit has outlined two alternatives a district court may use to resolve these preliminary questions. First, it may conduct a *James* hearing. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). In a *James* hearing, the court, outside the jury's presence, hears evidence and decides whether the predicate conspiracy existed. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (discussing *United States v. James*, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979)). A second and alternative procedure is for the district court to admit the out-of-court statements provisionally, but "'with the caveat that ... the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence.'" *Gonzalez-Montoya*, 161 F.3d at 649 (quoting Owens, 70 F.3d at 1123 (alternation in original)).

The United States in the present case relies on the investigation and direct observations of the Alcohol, Tobacco, Firearms and Explosives agents, other Law Enforcement officers and civilian witnesses coupled with forensic evidence. The movant's

8

statement and testimony of co-defendants or co-conspirators are further methods of evidence.

The United States includes Attachment A to specifically delineate statements admissible against the defendant and any indicted co-conspirators pursuant to Fed.R.Evid. 801(d)(2)(E).  Attachment A is offered for the Court to make a pre-trial determination of admissibility while reserving the right to move the Court for admissibility of statements revealed during the course of future litigation.

### Statements of Co-defendants and Co-conspirators

The United States acknowledges its obligations to produce co-defendant and co-conspirator statements as reflected in the Defendant's motion. (Doc. 162).  The United States has produced discovery in this instant case.  The discovery produced includes statements and interviews conducted upon the arrest of the defendant and co-defendants as well as post-indictment interviews.

## Conclusion

WHEREFORE, for the reasons stated above, the United States requests that the Court make provisional admission of any statements that may be attributed to an out-of-court co-conspirator statement while determining the legal existence of said conspiracy.

        Respectfully submitted,

        KATE E. BRUBACHER
        United States Attorney
        District of Kansas

By:   /s/ Aaron Smith
        AARON SMITH
        KS Bar No. 20447
        Assistant United States Attorney
        District of Kansas
        301 N. Main, Suite 1200
        Wichita, Kansas 67202
        (316) 269-6481
        aaron.smith3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this February 1, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that a copy of this filing was electronically delivered to all counsel of record.

By:   /s/ Aaron Smith
        AARON SMITH
        Assistant United States Attorney